**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1667-21

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

DAWAN INGRAM,

    Defendant-Appellant.

_____

Submitted December 12, 2023 – Decided December 19, 2023

Before Judges Haas and Puglisi.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 14-03-0827.

Joseph E. Krakora, Public Defender, attorney for appellant (Steven M. Gilson, Designated Counsel, on the brief).

Theodore Stephens, II, Acting Essex County Prosecutor, attorney for respondent (Frank J. Ducoat, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

Appellant filed a pro se supplemental brief.

PER CURIAM

Defendant Dawan Ingram appeals from the Law Division's November 5, 2021 order denying his petition for post-conviction relief (PCR) following an evidentiary hearing. We affirm.

We incorporate the procedural history and facts set forth in our decision on defendant's direct appeal of his conviction for first-degree murder and weapons offenses. State v. Ingram, Docket No. A-0463-16 (App. Div. Apr. 12, 2019), certif. denied, 240 N.J. 12 (2019). After his appeal, defendant filed a timely petition for PCR. Among other things, defendant asserted his trial attorney provided him with ineffective assistance because she: (1) presented an alibi defense to the jury after he instructed her not to do so; (2) failed to adequately investigate the alibi defense before presenting it; and (3) did not move for reconsideration of the denial of his suppression motion related to certain identification evidence or move for a mistrial because of the faulty identification procedure he alleges was employed by the police.

The trial judge conducted an evidentiary hearing concerning defense counsel's decision to raise the alibi defense. Defendant claimed he sent a letter to his attorney several months before the trial began advising her not to put forth an alibi defense. Defense counsel testified she did not recall ever receiving

such a letter. She stated that defendant agreed with her decision to present the defense and he gave her contact information for his mother and sister who testified at trial in support of that defense. Defense counsel testified that defendant never objected to the decision to proceed with the alibi testimony.

In her written decision, the trial judge found that defense counsel's account was credible, while defendant's claims were not. Accordingly, the judge rejected defendant's argument that his trial attorney provided him with ineffective assistance by pursuing the alibi defense.

The trial judge also rejected defendant's argument that his attorney should have conducted a more in-depth investigation of the alibi defense before presenting it at trial. According to defendant, the potential success of the defense was predicated on his ability to return from the murder scene to his home in nine minutes or less. However, defendant's investigator presented a report in support of his PCR petition stating that this trip took almost sixteen minutes. Defendant argued that his attorney was ineffective because she failed to conduct a similar investigation before raising the defense.

However, the trial judge found that one of the State witnesses had testified that it was possible to make the trip in five minutes if the person drove the car in excess of the posted speed limit. With that favorable testimony in hand, the

3

judge determined that defense counsel was not required to present additional evidence on the travel time issue at the trial.

Finally, defendant argued that the police improperly showed one of the eyewitnesses the same set of photographs during two separate photographic arrays. Defendant asserted that his attorney should have moved for a mistrial or for reconsideration of the denial of his suppression motion as soon as this testimony was presented at trial.

However, the trial judge found that the witness's testimony did not clearly establish that the photographs were the same in both arrays. Instead, the witness stated several times that she could not remember what photographs the police showed her. Because defense counsel lacked a factual basis for the motions defendant believed she should have filed, the judge held that his attorney's decision not to proceed with any motions at that juncture was appropriate.

In sum, the trial judge concluded that defendant failed to satisfy the two-prong test of Strickland v. Washington, 466 U.S. 668, 687 (1984), which requires a showing that defense counsel's performance was deficient and that, but for the deficient performance, the result would have been different. This appeal followed.

A-1667-21

In the brief filed by his appellate counsel, defendant repeats the same three contentions he unsuccessfully raised before the trial court. Defendant asserts:

POINT I

DEFENDANT'S CONVICTIONS MUST BE REVERSED BECAUSE TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO COMPLY WITH DEFENDANT'S INSTRUCTIONS NOT TO PURSUE AN ALIBI DEFENSE.

POINT II

IN THE ALTERNATIVE, THIS MATTER MUST BE REMANDED FOR AN EVIDENTIARY HEARING BECAUSE DEFENDANT ESTABLISHED A PRIMA FACIE CASE OF ADDITIONAL CLAIMS AS TO TRIAL COUNSEL'S INEFFECTIVENESS.

A. Trial Counsel Failed to Adequately Investigate the Alibi Defense.

B. Trial Counsel Failed to Move for Reconsideration of a Wade/Henderson Hearing and/or a Mistrial, when it was Disclosed that the State's Primary Eyewitness Had Been Shown the Same Photo of Defendant on Two Different Dates.

In addition, defendant raises the following arguments in his pro se supplemental brief:

POINT I

PCR COURT ERRED IN DENYING [PCR] FOR INEFFECTIVE TRIAL COUNSEL WHERE TRIAL

COUNSEL PROCEEDED WITH A PREJUDICIAL ALIBI DEFENSE.

POINT II

PCR COURT ERRED IN DENYING [PCR] FOR INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL W[H]ERE TRIAL COUNSEL FAILED TO OBJECT TO REMIND THE TRIAL COURT OF THEIR POSITION TO CONDUCT A 104 HEARING.

POINT III

PCR COURT ERRED IN DENYING [PCR] WHERE TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO INVESTIGATE EVIDENCE THAT CLEARLY ESTABLISHED DEFENDANT'S INNOCENCE.

POINT IV

PCR COURT ERRED IN DENYING [PCR] FOR NEWLY DISCOVERED EVIDENCE WHERE EXPERT WITNESS WAS EXPOSED AS HAVING RACIAL ANIMUS.

POINT V

DEFENDANT'S CREDIBILITY.

POINT VI

APPELLATE REDETERMINATION OF CREDIBILITY ISSUE.

6

When petitioning for PCR, the defendant must establish, by a preponderance of the credible evidence, that he is entitled to the requested relief. State v. Nash, 212 N.J. 518, 541 (2013); State v. Preciose, 129 N.J. 451, 459 (1992). To sustain that burden, the defendant must allege and articulate specific facts that "provide the court with an adequate basis on which to rest its decision." State v. Mitchell, 126 N.J. 565, 579 (1992).

To establish a prima facie claim of ineffective assistance of counsel, the defendant is obligated to show not only the particular manner in which counsel's performance was deficient, but also that the deficiency prejudiced his right to a fair trial. Strickland, 466 U.S. at 687; State v. Fritz, 105 N.J. 42, 58 (1987). Under the first prong of this test, the defendant must demonstrate that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687.

Under the second prong, the defendant must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Ibid. That is, "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. There is a strong presumption that counsel "rendered adequate

assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690.

Moreover, the acts or omissions of counsel of which a defendant complains must amount to more than mere tactical strategy. Id. at 689. As the Supreme Court observed in Strickland:

> [a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."
>
> [Ibid. (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)).]

When a defendant asserts his attorney was ineffective by failing to file a motion, he must establish that the motion would have been successful. State v. O'Neal, 190 N.J. 601, 619 (2007). "It is not ineffective assistance of counsel for defense counsel not to file a meritless motion." Ibid.

Where, as here, the judge conducts an evidentiary hearing, we must uphold the judge's factual findings, "so long as those findings are supported by

sufficient credible evidence in the record." State v. Rockford, 213 N.J. 424, 440 (2013) (quoting State v. Robinson, 200 N.J. 1, 15 (2009)). Additionally, we defer to a trial judge's findings that are "substantially influenced by [the trial judge's] opportunity to hear and see the witnesses and to have the 'feel' of the case, which a reviewing court cannot enjoy." Ibid. (alteration in original) (quoting Robinson, 200 N.J. at 15).

Having considered defendant's contentions in light of the record and these well-established principles, we affirm the denial of defendant's PCR petition substantially for the reasons detailed at length in the trial judge's thorough written decision. We discern no abuse of discretion in the judge's consideration of the issues. We are satisfied that the trial attorney's performance was not deficient and defendant's arguments to the contrary in his counselled appellate brief are unavailing.

As to the issues presented by defendant in his pro se supplemental brief, they largely parrot the points raised by his appellate counsel. To the extent they do not, his arguments lack sufficient merit to warrant further discussion in a written opinion. See R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

9                                                                A-1667-21